# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT
### No. 24-3760

MICHELLE SCOGGINS,

*Plaintiff-Appellee*,

v.

MENARD INC. AND BILL NELSON

*Defendants-Appellants*.

On appeal from the United States District Court for the Southern District of Ohio, Eastern Division
Case No.: 2:24-CV-00377

---

BRIEF OF APPELLANTS MENARD INC. AND BILL NELSON

---

Thomas N. Spyker (0098075)
REMINGER CO., L.P.A.
200 Civic Center Dr., Suite 800
Columbus, Ohio 43215
P: (614) 228-1311
F: (614) 232-2410
tspyker@reminger.com
*Counsel for Defendants-Appellants*
*Menard Inc. and Bill Nelson*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................ iii

JURISDICTIONAL STATEMENT ................................................................. 1

STATEMENT IN SUPPORT OF ORAL ARGUMENT ........................... 2

STATEMENT OF THE ISSUES ...................................................................... 3

SUMMARY OF THE ARGUMENT ............................................................. 4

STATEMENT OF THE CASE ......................................................................... 5

   I.  Factual Background ................................................................................... 5

   II.    Procedural History .................................................................................. 6

   A.   The parties agree that claims against Menard are subject to the Arbitration Agreement, but dispute and litigate the Agreement's applicability to Nelson……………………………………………………………………6

   B.   The District Court finds that there is no dispute about the arbitrability of the claims against Menard, that claims against Nelson are also generally arbitrable but denies the Motion to Compel on a sua sponte analysis of the EFAA………………………………………………………………………………………..7

STANDARD OF REVIEW ............................................................................. 9

LAW AND ARGUMENT ............................................................................... 10

   I.   Assignment of Error No. 1: The District Court erred in applying the EFAA to Plaintiff-Appellee's claims because she never elected to forego arbitration. ...... 10

   II.    Assignment of Error No. 2: The District Court erred in applying the EFAA to Plaintiff-Appellee's claims because her sexual harassment allegations fall outside the temporal scope of the Act……………………………………………………………………12

   A.    The District Court erred in applying an overly broad test to determine when Ms. Scoggins claims accrued for purposes of the EFAA. ......................... 12

   B.    Applying the correct test for accrual, Ms. Scoggins sexual harassment claim accrued before the EFAA was enacted, and thus the Motion to Compel Arbitration should have been granted. .................................................................. 14

   III.  Assignment of Error No. 3: The District Court erred in denying arbitration as it applied to Plaintiff-Appellee's non-sexual harassment claims…………………………………………………………………………..15

CONCLUSION ........................................................................................17

CERTIFICATE OF COMPLIANCE........................................................19

CERTIFICATE OF SERVICE .................................................................20

# TABLE OF AUTHORITIES

**Cases**

*Atkins v. CGI Technologies & Solutions, Inc*., 724 F.App'x 383, 389 (6th Cir. 2018)……………………………………………………………………………………………..9

*Brown v. United of Omaha Life Ins. Co*., 661 F.App'x 852, 857 (6th Cir.2016)….11

*Castillo v. Altice USA, Inc*., 698 F. Supp. 3d 652, 657………………………..13, 15

*Huffman v. Hilltop Cos., LLC*, 747 F.3d 391, 394 (6th Cir. 2014)...........................9

*Johnson v. Everyrealm, Inc*., No. 22-CV-06669 (PAE), 2023 U.S. Dist. LEXIS 31242, 2023 WL 2216173 (S.D.N.Y. Feb. 24, 2023))…………………………..16

*KPMG LLP v. Cocchi*, 565 U.S. 18, 21, 132 S. Ct. 23, 181 L. Ed. 2d 323 (2011)….9

*Mera v. SA Hosp. Grp., LLC*, 675 F. Supp. 3d 442, 447……………………………16

*Olivieri v. Stifel*, 112 F.4th 74, 91…………………………………………………….12

*Smith v. Thomas*, 911 F.3d 378, 382 (6th Cir.2018)................................................11

*Smith v. United States*, 508 U.S. 223, 228, 113 S. Ct. 2050, 124 L. Ed. 2d 138 (1993)………………………………………………………………………………...10

*Wendy Smith et al., v. Keith Spizzirri et al*, 601 U.S. 472………………………….6

*Williams v. Mastronardi Produce, Ltd*., 2024 U.S. Dist. LEXIS 150550. ........ 15,16

**Statutes**

9 U.S.C. § 402(a) ........................................................................................... 9,10,16

Pub. L. 117-90, § 3, Mar. 3, 2022, 136 Stat. 28…………………………………….12

R.C. 4112…………………………………………………………………………….14

EFAA§3……………………………………………………………………passim

## <u>JURISDICTIONAL STATEMENT</u>

The District Court for the Southern District of Ohio has subject matter jurisdiction over this civil action because it brings claims arising under federal law, specifically the Family and Medical Leave Act ("FMLA") and Americans with Disabilities Act ("ADA"). (Compl., ECF No. 2 at PageID # 24-27).

This Court has jurisdiction over this interlocutory appeal because pursuant  9 U.S.C. § 16, the denial of a motion to compel arbitration, albeit interlocutory, is immediately reviewable. *See Atkins v. CGI Technologies & Solutions, Inc.*, 724 F.App'x 383, 387 (6th Cir. 2018).

This appeal is timely under App. R. 4(a)(1)(A). The District Court for the Southern District of Ohio denied Defendants-Appellants' Motion to Compel Arbitration on August 19, 2024. (*See generally* ECF No. 13). Defendants-Appellants filed their Notice of Appeal to this Court on August 29, 2022. (*See generally* ECF No. 16).

## <u>STATEMENT IN SUPPORT OF ORAL ARGUMENT</u>

Defendants-Appellants Menard Inc. and Bill Nelson respectfully request oral argument. Defendants-Appellants believe an oral argument will help explain the issues presented in this appeal which are novel.

# STATEMENT OF THE ISSUES

This case involves various interpretations of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"). The specific issues on appeal are:

1. The District Court erred in applying the EFAA to Plaintiff-Appellee's claims because she did not "elect" to forgo arbitration as contemplated by the Act.

2. The District Court erred in retroactively applying the EFAA to Plaintiff-Appellee's claims.

3. The District Court erred in applying the EFAA to all of Plaintiff-Appellee's claims.

## SUMMARY OF THE ARGUMENT

The District Court sua sponte analyzed the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA" or the "Act") and determined several novel issues. Courts across the country have struggled with interpreting this Act on a number of points creating several points of conflict, which the Circuit Courts of Appeal have not had much, if any opportunity to weigh in on. Regardless of any case specific outcome, this matter presents an important opportunity for this Court to provide guidance to district courts in this Sixth Circuit on how to address these issues moving forward. Turning to case specific matters, for the reasons fully outlined below, Defendant-Appellants respectfully submit the District Court erred in its application and analysis of the EFAA in denying their Motion to Compel Arbitration.

# STATEMENT OF THE CASE

## I.    Factual Background[1]

Plaintiff-Appellee Michelle Scoggins began working at Menard Inc. ("Menard") on or about February 8, 2021. (Compl., ECF No. 2 at PageID #21, ¶ 5). It is undisputed that in consideration of employment—and on the same day it began—Ms. Scoggins entered into an Employee/Employer Agreement with Menard. (*See* Agreement, ECF No. 7-1). Relevantly, the Agreement provided:



(*Id.*) (highlighting added). Further, just above her signature line, the Arbitration Agreement stated, in all capital letters: "THIS DOCUMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY BOTH MENARD, INC. AND ME." (*Id.*).

---

[1] The facts contained in this Brief are those which are admissible at this stage and this recitation does not constitute an admission of any fact.

During Ms. Scoggins's employment, Defendant-Appellant Bill Nelson was the Assistant Manager at the location where she worked. (Compl., ECF No. 2 at PageID #21, ¶ 10). Ms. Scoggins was terminated on or about April 12, 2023. (Compl., ECF No. 2 at PageID #22, ¶ 18).

## II.    Procedural History

### A. The parties agree that claims against Menard are subject to the Arbitration Agreement, but dispute and litigate the Agreement's applicability to Nelson.

On January 2, 2024, Ms. Scoggins filed a Complaint in Ohio's Fayette County Court of Common Pleas. (Compl., ECF No. 2). Defendants timely removed the matter to the U.S. District Court for the Southern District of Ohio. (Notice of Removal, ECF No. 1). On February 14, 2024, Defendants moved to Compel Arbitration and Dismiss, or Alternatively to Stay Litigation Pending Arbitration. (*See* Motion to Compel, ECF No. 7).[2]

In response, Ms. Scoggins conceded there was a valid arbitration agreement between her and Menard:

> At the onset, Plaintiff does not dispute that Menards and Plaintiff agreed to arbitrate the agreement after reviewing the Agreement. However, the Agreement only included claims between Plaintiff and Menards as a business entity.

---

[2] This Motion was made prior to the U.S. Supreme Court's holding in *Wendy Smith et al., v. Keith Spizzirri et al.*, where that Court resolved a circuit conflict on whether a district court could dismiss a lawsuit, without prejudice, pending resolution of attributable claims. *See* 601 U.S. 472 Shortly after that decision, Defendants withdrew their request for dismissal. (*See* Notice of Supplemental Authority, ECF No. 12).

6

(Mem. in Opp., ECF No. 8 at PageID # 56). Ms. Scoggins then disputed the Arbitration Agreement's applicability to Defendant Bill Nelson, her former manager. (*Id., generally*). At the end of her opposition, Ms. Scoggins succinctly summarized her position:

> In sum, the Court should stay the proceedings against Menards and compel arbitration for Plaintiff's claims against Menards. The Court should deny the motion to dismiss or in the alternative stay proceedings for Nelson, because Plaintiff did not agree to arbitrate with Nelson.

(*Id*. at PageID #59).

**B. The District Court finds that there is no dispute about the arbitrability of the claims against Menard, that claims against Nelson are also generally arbitrable but denies the Motion to Compel on a sua sponte analysis of the EFAA.**

In deciding the Motion to Compel Arbitration, the District Court first noted that the parties were in agreement about the Arbitration Agreement as it pertained to Ms. Scoggins and Menard: "Plaintiff does not dispute that she and Menard agreed to arbitrate, but argues that only her claims against Menard are arbitrable. As such, since the validity of the arbitration agreement as to the claims against Menard is not in dispute here, this Court need not make these determinations as to Menard." (Opinion and Order, ECF No. 13 at PageID #81).

The District Court then went on to analyze the general arbitrability of the claims against Mr. Nelson. (*Id*.). Analyzing the issue under Ohio contract law, the District Court generally found Mr. Nelson's interests to be "directly in privity with

7

Menard" and that he was covered under the scope of the Arbitration Agreement. (*Id*. at PageID #83-84).

However, instead of compelling arbitration at that point, the District Court moved on to analyzing the impact of the EFAA on the Arbitration Agreement. (*See id*. at PageID #84-92). Notably, Ms. Scoggins never raised the EFAA in her opposition to the Motion to Compel. (*See generally*, Memo in Opp., ECF No. 8). Nor her Complaint. (See generally, Compl., ECF No. 2).

Nevertheless, the District Court devoted eight additional pages to analyzing the EFAA after finding the Arbitration Agreement enforceable. (Opinion and Order, ECF No. 13 at PageID #84-92). First, the District Court analyzed whether a claim of sexual harassment was alleged within the meaning of the EFAA, finding that such a claim was alleged. (*Id*. at PageID #84-88). Next, the District Court analyzed whether the sexual harassment claim was subject to the EFAA based on that act's enactment date in relation to the allegations of the Complaint. (*Id*. at PageID #88-91). The District Court found the sexual harassment claim to fall within the temporal scope of the EFAA. (*Id*. at PageID #91).

Finally, the District Court analyzed what impact the EFAA had on Ms. Scoggins's other claims, which did not involve sexual harassment. (*Id*. at PageID #91-92). The District Court found the EFAA applied to all the claims raised in the

Complaint, and, based solely on the EFAA, the District Court denied the Motion to Compel Arbitration in its entirety. (*Id*. at PageID #92).

## STANDARD OF REVIEW

The denial of a motion to compel arbitration is subject to de novo review. *Atkins v. CGI Technologies & Solutions, Inc*., 724 F.App'x 383, 389 (6th Cir.2018) (citing *Huffman v. Hilltop Cos., LLC*, 747 F.3d 391, 394 (6th Cir. 2014)). In the Federal Arbitration Act, 9 U.S.C. § 1 et seq., Congress has established an "emphatic federal policy in favor of arbitral dispute resolution." *Id. (*quoting *KPMG LLP v. Cocchi*, 565 U.S. 18, 21, 132 S. Ct. 23, 181 L. Ed. 2d 323 (2011)) (additional quotation omitted). The FAA "provides that written agreements to arbitrate controversies arising out of an existing contract 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id*. (quoting *KPMG*, 565 U.S. at 21-22) (additional quotation omitted).

Further, "the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id*. (emphasis original) (internal quotation omitted).

## LAW AND ARGUMENT

I.    **Assignment of Error No. 1: The District Court erred in applying the EFAA to Plaintiff-Appellee's claims because she never elected to forego arbitration.**

To begin, no party to this lawsuit ever asked to litigate this EFAA issue. And the plain wording of the EFAA precludes the District Court's sua sponte analysis of the EFAA. Indeed, the EFAA provides, in relevant part, that:

> Notwithstanding any other provision of this title, ***at the election of the person*** **alleging conduct constituting a sexual harassment dispute** or sexual assault dispute, or the named representative of a class or in a collective action alleging such conduct, no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.

9 U.S.C. § 402(a) (emphasis added).

The plain wording of the EFAA requires the party evoking this provision to "elect" the remedy provided under the section. Indeed, the District Court noted as much in its opinion, noting that the EFAA was enacted "in order to allow persons alleging sexual assault and sexual harassment to forgo arbitration ***at their election***." (Opinion and Order, ECF No. 13 at PageID #84) (emphasis added). However, "election" is not defined under the EFAA, which means this Court applies the plain meaning of the term. *Smith v. United States*, 508 U.S. 223, 228, 113 S. Ct. 2050, 124 L. Ed. 2d 138 (1993).

And this Court has dealt with that word's plain meaning before in other contexts. *See Smith v. Thomas*, 911 F.3d 378, 382 (6th Cir.2018) (Analyzing the term "elect" as used in the Copyright Act: "[t]he word 'elect' does not by itself require formal procedures. 'Elect' means the same thing today as it meant when the statute was enacted—simply 'to choose" or to 'pick out.'") (citing *American Heritage Dictionary of the English Language* (1st ed. 1976)); *see also Brown v. United of Omaha Life Ins. Co.*, 661 F.App'x 852, 857 (6th Cir.2016) (Analyzing the term "elect" used in the context of a benefit plan: "Therefore, we first examine the plain meaning of the term 'elect.' Merriam-Webster defines the transitive verb 'elect' as 'to make a selection of' or 'to choose (as a course of action) especially by preference.'") (internal dictionary citation omitted).

The problem here—Ms. Scoggins never elected to forgo arbitration under the EFAA. To be sure, her opposition does not mention the EFAA at all.[3] (*See generally*, Memo in Opp., ECF No. 8). In fact, quite the opposite—Ms. Scoggins *encourages* the District Court to compel arbitration as it pertains to the claims against Menard:

> In sum, ***the Court should stay the proceedings against Menards and compel arbitration for Plaintiff's claims against Menards.*** The Court should deny the motion to dismiss or in the alternative stay proceedings for Nelson, because Plaintiff did not agree to arbitrate with Nelson.

(*Id*. at PageID #59) (emphasis added).

---

[3] Ms. Scoggins's Complaint is also silent on the EFAA. (*See generally*, Compl., ECF No. 2).

11

II.    **Assignment of Error No. 2**: **The District Court erred in applying the EFAA to Plaintiff-Appellee's claims because her sexual harassment allegations fall outside the temporal scope of the Act.**

   A. **The District Court erred in applying an overly broad test to determine when Ms. Scoggins claims accrued for purposes of the EFAA.**

The EFAA went into effect on March 3, 2022. It was not intended to be retroactive, as evidenced by a historical note contained within the Act providing that "[t]his Act, and the amendments made by this Act, shall apply with respect to any dispute or claim that arises or accrues on or after the date of enactment of this Act." Pub. L. 117-90, § 3, Mar. 3, 2022, 136 Stat. 28. Retroactivity is one area of the EFAA where there is seemingly little dispute, as courts analyzing this issue have found the Act is plainly not intended to be retroactive. *See e.g., Olivieri v. Stifel*, 112 F.4th 74, 91.

As noted by the District Court here, controversy arises when attempting to identify "what exactly must occur on or after the effective date of March 3, 2022, to bring a claim under the EFAA's carve out." (ECF No. 13 at PageID #89). The analysis of this issue is complicated by undefined and potentially redundant terms contained within the statute: "This Act, and the amendments made by this Act, shall apply with respect to any dispute or claim that arises or accrues on or after the date of enactment of this Act." EFAA § 3.

Two typical approaches have arisen among various district courts analyzing these issues. Most courts have adopted a narrow and traditional test for accrual (the

12

"Majority Test") holding that "a claim accrues when the plaintiff has a complete and present cause of action." *Castillo v. Altice USA, Inc*., 698 F. Supp. 3d 652, 657 (collecting cases). Under this approach "[a] dispute arises when the conduct which constitutes the alleged sexual assault or sexual harassment occurs." *Id*.

A smaller subset of courts, including the District Cout here, have adopted a much broader approach (the "Minority Test"). Under the Minority Test, Courts analyze the accrual in the same manner as the majority. (ECF No. 13 at PageID # 91). But the Minority Test expands the analysis of when a "dispute arises" to mean when a party files an EEOC Charge or a Civil Complaint. (ECF No. 13 at PageID #90). The practical effect of the Minority Test is a gross expansion of the EFAA to claims accruing well before the Act's enactment.

But numerous Courts adopting the Majority Test have analyzed the minority approach and rejected it. *See Castillo, supra.* And for good reason. The *Castillo* Court adeptly articulated that the issue with the broad Minority Test is "that the applicability of the EFAA would hinge not on when a dispute arose or a claim accrued, as the statute dictates, but rather on when a litigant chose to file a formal administrative charge or complaint." *Castillo* 698 F. Supp. 3d 652, 657.

Accordingly, Appellants respectfully submit that the District Court erred in adopting the overly broad Minority Test and that the correct test for accrual is the majority approach articulated by *Castillo*, and the authority cited therein.

13

**B. Applying the correct test for accrual, Ms. Scoggins sexual harassment claim accrued before the EFAA was enacted, and thus the Motion to Compel Arbitration should have been granted.**

Applying the Majority Test, Ms. Scoggins claims did not accrue until after the EFAA was enacted.

**Claim Accrual:** Notably, both the minority and majority apply the same analysis for the accrual prong. A sexual harassment claim accrues under R.C. 4112 et seq when a potential plaintiff knows of their injuries.

Here the District Court erred in its analysis. Ms. Scoggins Complaint is devoid of any allegations that would extend her claim accrual beyond the effective date of the Act:

- In **December of 2021**, Bill Nelson, Assistant Plant Manager slammed the door in Plaintiff's face, while disparaging Plaintiff for being a woman. Specifically, Bill Nelson said "What am I supposed to hold it open for you because you are a woman? Is it to heavy for you? All you have to do is turn the handle." (ECF No. 2 at PageID #21, ¶10) (emphasis added).

- While trying to perform these duties i**n January 2022**, Nelson yelled at Plaintiff and attempted to interfere with her work. Nelson continued to intimidate her, following her out of the office, while yelling behind her. This behavior went on until Jayson S. interfered on Plaintiff's behalf to de-escalate the situation. (*Id*. at ¶13) (emphasis added).

- Nelson continued to harass Plaintiff due to her sex, sexual orientation, and her documented depression, and Plaintiff continued to try to report those instances. However, Human Resources took no action to correct Nelson's sexist behavior. (*Id*. at 15).

None of the sexual harassment allegations fall after the Act's enactment. Thus, Ms. Scoggins claim accrued prior to the EFAA and it cannot be retroactively applied to her Complaint. *Castillo* 698 F. Supp. 3d 652, 657.

**Dispute Arose:** As outlined above, under the Majority Test "[a] dispute arises when the conduct which constitutes the alleged sexual assault or sexual harassment occurs." *Id*. As demonstrated above; the conduct occurred prior to the EFAA's enactment.

Accordingly, when applying the correct test, Ms. Scoggins's claim falls outside the effective date of the EFAA and the District Court erred in denying the Motion to Compel Arbitration.

### III.  <u>Assignment of Error No. 3</u>: The District Court erred in denying arbitration as it applied to Plaintiff-Appellee's non-sexual harassment claims.

Perhaps the most controversial component of the EFAA is the Act's use of the term "case" in statutory language, and the impact that has on the broader arbitrability of claims not involving sexual harassment. The Hon. Judge Cox of the U.S. District Court for the Eastern District of Michigan recently provided a concise and instructive outline of the controversy brewing over the use of this word in the Act:

> As courts have begun to apply the EFAA, however, an important issue has arisen, given the use of the term "case" in statutory language. The issue raised is: if a single case includes both claims of sexual harassment/assault and other kinds of claims (as is the situation here), does the EFAA preclude enforcement of an otherwise applicable

15

arbitration agreement as to the whole case or just the sexual harassment/assault claims?

*Williams v. Mastronardi Produce, Ltd*., 2024 U.S. Dist. LEXIS 150550, *16. Again, Courts are taking two approaches. A majority of courts, like the District Court here, have "concluded, based upon the statute's use of the term "'case,' that the EFAA precludes arbitration of the whole case, so long as the complaint includes a plausible sexual harassment/assault claim." *Id*. at *16-17.

However, a few courts have pushed back on this reasoning, drawing a more nuanced and narrow analysis. *See e.g., Mera v. SA Hosp. Grp., LLC*, 675 F. Supp. 3d 442, 447. In *Mera*, the Court held that:

> [u]nder the EFAA, an arbitration agreement executed by an individual alleging conduct constituting a sexual harassment dispute is unenforceable only to the extent that the case filed by such individual "relates to" the sexual harassment dispute, *see* 9 U.S.C. § 402(a); in other words, only with respect to the claims in the case that relate to the sexual harassment dispute. To hold otherwise would permit a plaintiff to elude a binding arbitration agreement with respect to wholly unrelated claims affecting a broad group of individuals having nothing to do with the particular sexual harassment affecting the plaintiff alone.

*Id*. This case presents much like *Mera*, where Ms. Scoggins alleges several causes of action that have nothing to do with the sexual harassment allegations. As the Court in *Mera* noted, several decisions—including those relied on by the District Court here—dealt with claims that were intertwined with the sexual harassment allegations, such as related retaliation. *Id*. (citing *Johnson v. Everyrealm, Inc*., No.

22-CV-06669 (PAE), 2023 U.S. Dist. LEXIS 31242, 2023 WL 2216173 (S.D.N.Y. Feb. 24, 2023)).

Turning back to Judge Cox's analysis, he goes on to point out that this issue is likely one to be resolved by the U.S. Supreme Court. Williams, supra (citing Expert Insights — The Arbitrability of Non-Sexual Harassment Claims Under the "Ending Forced Arbitration Of Sexual Harassment And Sexual Assault Act," 2023 WL 6423570 (C.C.H.).

As it pertains to the instant matter, Appellants respectfully submit that although in the minority, the *Mera* Court has the right of it, for the reasons stated therein as the converse interpretation would strip the FAA of all practical meaning, resulting in an absurd outcome which must be avoided when interpreting a statue. As such, under the Mera analysis, the District Court here erred in denying the Motion to Compel Arbitration as it pertains to the claims not intertwined with the sexual harassment claim.

## **CONCLUSION**

For the reasons outlined above, Appellant respectfully requests this Court reverse and remand the decision of the District Court.

Respectfully submitted,

*/s/ Thomas N. Spyker*

Thomas N. Spyker (0098075)
REMINGER CO., L.P.A.
200 Civic Center Dr., Suite 800
Columbus, Ohio 43215
P: (614) 228-1311
F: (614) 232-2410
Tspyker@reminger.com
*Counsel for Defendants-Appellants Menard*
*Inc. and Bill Nelson*

## <u>CERTIFICATE OF COMPLIANCE</u>

1. This document complies with the type-volume limitation of Fed. R. App. P.
   32(a)(7)(B) because:

   a. This brief contains 4156 words, exclusive of the items contained in Fed.
      R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)
   and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   a. This brief has been prepared in a proportionally spaced typeface using
      Microsoft Word in Times New Roman 14-point font.

*/s/ Thomas Spyker*
Thomas N. Spyker (0098075)
*Counsel for Defendants-Appellants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Appellate Brief was served upon all counsel of record via this Court's EFC system this 12th day of November 2024.

*/s/ Thomas Spyker*
Thomas N. Spyker (0098075)
*Counsel for Defendants-Appellants*

## <u>ADDENDUM - DESIGNATION OF LOWER COURT DOCUMENTS</u>

Pursuant to 6 Cir. R. 30(g), Defendant-Appellants, hereby designates as relevant to

this appeal those portions of the following District Court documents by record

entry number and brief description:

| Description | Docket Entry # | PageID # |
|---|---|---|
| Complaint | 2 | 20-28 |
| Motion to Compel | 7 | 39-51 |
| MIO to Motion to Compel | 8 | 52-60 |
| Reply in Support | 11 | 64-68 |
| Opinion and Order | 13 | 79-93 |