# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT
## No. 24-3760

MICHELLE SCOGGINS,

*Plaintiff-Appellee,*

v.

MENARD INC. AND BILL NELSON

*Defendants-Appellants.*

On appeal from the United States District Court for the Southern District of Ohio, Eastern Division
Case No.: 2:24-CV-00377

---

### BRIEF OF APPELLEE MICHELLE SCOGGINS

---

Anthony D. Maiorano (0100339)
CMW Law Firm, LLC
14 E. Main St.
Fairborn, OH 45324
Phone: (513) 653-0123
Email: tony@cmwlawfirm.com
*Counsel for Plaintiff-Appellant*
*Michelle Scoggins*

# TABLE OF CONTENTS

Table of Authorities ............................................................................... iv

Jurisdictional Statement ......................................................................... 1

Statement in Support of Oral Argument ................................................ 2

Statement of the Issues .......................................................................... 3

Summary of the Argument ..................................................................... 4

Statement of the Case ............................................................................. 5

    I.    Factual Background ...................................................................... 5

    II.    Procedural History ....................................................................... 5

    A.  Motion to Compel Arbitration ...................................................... 5

    B.  District Court Decision .................................................................. 6

Standard of Review ................................................................................ 7

Law And Argument ................................................................................ 9

    I.    Assignment of Error No. 1: Whether, to elect under the EFAA to invalidate the arbitration agreement, Ms. Scoggins was required to specifically invoke the EFAA after filing her claims in court ........ 9

    II.    Assignment of Error No. 2: Whether Ms. Scoggins' claims of sexual harassment, which were filed after the EFAA was enacted and are based on at least some acts that occurred after its enactment, are covered by the EFAA ........ 12

    A.  Claim Accrual ............................................................................... 13

    B.  Dispute Arises ............................................................................... 14

      1.  District Court Interpretation           14

      2.  *Castillo* Interpretation           15

III.   Assignment of Error No. 3: Whether the District Court correctly held that Ms. Scoggins' entire "case" was exempt from arbitration under the EFAA       16

Conclusion       17

Certificate of Compliance       18

Certificate of Service       19

# TABLE OF AUTHORITIES

**Cases**

*Atkins v. CGI Technologies & Solutions, Inc.*, 724 F. App'x 383 (6th Cir.2018).......7

*Barnes v. Festival Fun Parks, LLC,*
No. 3:22-cv-165, 2023 WL 4209745,  (W.D. Pa. June 27, 2023).....................13, 14

*Castillo v. Altice USA, Inc.,*
698 F. Supp. 3d 652, 657 (S.D.N.Y. 2023)..................................................12, 15, 13

*Diaz-Roa v. Hermes Law, P.C.*, S.D.N.Y. No. 24-cv-2105 (LJL), 2024 U.S. Dist.
LEXIS 212472, at *41 (Nov. 21, 2024)...…………………………………………..8

*Ding Ding v. Structure Therapeutics, Inc.*, N.D.Cal. No. 24-cv-01368-JSC,
2024 U.S. Dist. LEXIS 196549, (Oct. 29, 2024)......................................................10

*Encino Motorcars, LLC v. Navarro,*
584 U.S. 79, 85, 138 S.Ct. 1134, 200 L.Ed.2d 433 (2018).....................................10

*Evans v. City of Ann Arbor*,
6th Cir. No. 22-1774, 2023 U.S. App. LEXIS 21023, at *10 (Aug. 10, 2023) ……9

*Famuyide v. Chipotle Mexican Grill, Inc.*, D.Minn. No. 23-1127 (DWF/ECW),
2023 U.S. Dist. LEXIS 153926, at *9 (Aug. 31, 2023)...........................................15

*Hampel v. Food Ingredients Specialties, Inc.,*
89 Ohio St.3d 169, 729 N.E.2d 726, 732 (Ohio 2000)............................................13

*Hodgin v. Intensive Care Consortium, Inc.,*
666 F. Supp. 3d 1326, 1329 (S.D. Fla. 2023).............................................12, 14, 15

*Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 551 (S.D.N.Y. 2023)...........8, 16

*Mera v. SA Hosp. Grp., LLC,*
675 F. Supp. 3d 442, 447 (S.D.N.Y. 2023)...........................................................16, 17

*New Prime, Inc. v. Oliveria*, 586 U.S. 105, 111 (2019)……………………..………11

*Schwebke v. United Wholesale Mtge. LLC*,
96 F.4th 971, 974 (6th Cir.2024)……………………………………………….…11

*Smith v. Thomas*,
911 F.3d 378, 382 (6th Cir.2018)…...................................................................10

*Williams v. Mastronardi Produce, Ltd.*,
2024 U.S. Dist. LEXIS 150550, *16 (E.D. Mich. Aug. 22, 2024)...........................16

## **Statutes**

9 U.S.C. § 402(a) ......................................................................................9


Pub. L. 117-90, § 3, March 3, 2022, 136 Stat. 28.....................................................12

## **Other Rules**

Federal Rule of Civil Procedure 12(b)(6) ...................................................8

## **Other Sources**

*Election*,
Oxford English Dictionary, sense 2.a, 7.b...................................................9

*Election*,
Black's Law Dictionary (9th ed. 2009) .....................................................10

*Election*,
Merriam-Webster Dictionary, https://www.merriam-
webster.com/dictionary/election...............................................................10

*Dispute*,
Black's Law Dictionary (11th ed. 2019) ...........................................14, 15

*Dispute*,
Black's Law Dictionary (6th ed. 1990) ...................................................15

*Arise*,
Black's Law Dictionary (11th ed. 2019) .................................................15

*Arise*,
Merriam Webster's Collegiate Dictionary (11th ed. 2003)……...............................15

## JURISDICTIONAL STATEMENT

Plaintiff-Appellant, Michelle Scoggins ("Ms. Scoggins") agrees with the jurisdictional statement of Defendants, Menard Inc. and Bill Nelson.

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Ms. Scoggins agrees that oral argument would be helpful to explain the novel issues in this case.

## STATEMENT OF THE ISSUES

This case involves interpretations of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"). The specific issues Defendants assert on appeal are:

1.    Whether, to elect under the EFAA to invalidate the arbitration agreement, Ms. Scoggins was required to specifically invoke the EFAA after filing her claims in court.

2.    Whether Ms. Scoggins' claims of sexual harassment, which were filed after the EFAA was enacted and are based on at least some acts that occurred after its enactment, are covered by the EFAA.

3.    Whether the District Court correctly held that Ms. Scoggins' entire "case" was exempt from arbitration under the EFAA.

## <u>SUMMARY OF THE ARGUMENT</u>

The District Court correctly determined that the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA" or the "Act") applied to all of Ms. Scoggins claims against Defendants. Specifically, the District Court correctly determined Ms. Scoggins' claims post-dated the effective date of the Act and that all of her claims were part of the "case" as the Act defines it. Finally, Ms. Scoggins elected to forgo arbitration when she filed the complaint in the Fayette County Court of Common Pleas and to the extent not done expressly before, elects again on appeal to proceed in front of a court on her claims.

## STATEMENT OF THE CASE

### I.    Factual Background

Ms. Scoggins began working at Menard Inc. ("Menards") on February 8, 2021. Complaint ECF # 2, Page ID # 21. While there, she faced discriminatory actions by Assistant Plant Manager, Bill Nelson ("Nelson"). *Id.* In one instance, Nelson slammed the door in Ms. Scoggins' face and retorted "What am I supposed to hold it open for you because you are a woman? Is it to heavy for you? All you have to do is turn the handle." *Id.* This was reported to Menards' human resources. *Id.*

Nelson continued to harass Ms. Scoggins in 2022, Ms. Scoggins continued to report the issues to Menards' human resources, which did not stop the harassment. *Id.* at 22. As relevant here, Ms. Scoggins was not terminated until April of 2023, when she took time off to address side effects of her depression medication. *Id.*

As indicated in Defendants brief, Ms. Scoggins entered an agreement to arbitrate when she was employed by Menards. *See* Agreement, ECF # 7-1.

### II.   Procedural History

### A. The Motion to Compel Arbitration

On January 2, 2024, Ms. Scoggins filed the present complaint against Nelson and Menards in Fayette County Court of Common Pleas. Complaint, ECF # 2. Defendants removed the complaint to the United States District Court for the

Southern District of Ohio. On February 14, 2024, Defendants moved to compel arbitration. Motion to Compel, ECF # 7. Ms. Scoggins opposed the motion. *See* MIO to Motion to Compel, ECF # 8. Ms. Scoggins' primary argument in response to the motion was that she did not agree to arbitrate her claims against Nelson because he was not a signatory to the arbitration agreement. *Id.* PageID # 59 ("Plaintiff did not agree to arbitrate with Nelson."). Ms. Scoggins acknowledged that she had formed a valid arbitration with Menards, but, assuming that arbitration agreement would be enforced, she argued strenuously that she should be permitted to continue with her claims against Nelson in court and that those claims should not be stayed pending any arbitration against Menards. *Id.*

### B. District Court's Decision

On August 19, 2024, the District Court denied Defendants' motion to compel arbitration in full. Opinion and Order, ECF # 13, PageID # 79. The District Court concluded that it lacked authority to compel arbitration because the EFAA applied to invalidate the arbitration agreement. *Id.* at PageID # 84.

In denying the motion to compel, the District Court first evaluated the arguments asserted by Ms. Scoggins that she did not agree to arbitrate with Nelson, concluding that Nelson could enforce the arbitration agreement between Ms. Scoggins and Menards. *See id.* at PageID # 81. The District Court concluded that "Plaintiff could be compelled to arbitrate all six claims against both Defendants." *Id.*

at PageID # 84. But before compelling arbitration, the District Court explained that it "must determine whether Plaintiff's claims are covered by the EFAA" because, if they are, then the EFAA could render the arbitration agreement unenforceable as to her entire case leaving the District Court without authority to compel arbitration.

In determining whether the EFAA applied, the District Court first held that Ms. Scoggins plausibly pled sexual harassment in her complaint. *Id.* at PageID # 84–88. Next, the District Court determined that Ms. Scoggins' complaint fell within the timeframe allowed by the EFAA. *Id.* at PageID # 88–89. In doing so, it determined that the dispute between Ms. Scoggins and Defendants "arose" when she filed the complaint with the Ohio Civil Rights Commission in April of 2023. *Id.* at PageID # 90. The District Court also determined that the claim accrued after March 3, 2022 because of Nelson's "pattern of ongoing harassment throughout the pendency of Plaintiff's employment." *Id.* at PageID # 91. Finally, the District Court determined that all of Ms. Scoggins' claims against Defendant fall under the EFAA's definition of "case" and are not subject to arbitration. *Id.* at PageID # 92.

## **STANDARD OF REVIEW**

Ms. Scoggins agrees that appellate review of a District Court denial of a motion to compel arbitration is subject to *de novo* review. *See* Doc # 16, Page 13 (citing *Atkins v. CGI Technologies & Solutions, Inc.*, 724 F.App'x 383, 389 (6th Cir.2018)).

In determining whether Ms. Scoggins' case relates to a "sexual harassment dispute" under the EFAA, the district court applied "the familiar standards" of Fed. R. Civ. P. 12(b)(6). Opinion and Order, ECF # 13, at PageID # 85-86. But the Court acknowledged that the appropriate standard for deciding whether the EFAA applies is "an issue of first impression in this district." *Id.* at PageID # 85. Because it concluded that Ms. Scoggins stated a plausible claim for sexual harassment under Rule 12(b)(6), it did not reach the question whether the EFAA incorporates the Rule 12(b)(6) pleading standard or requires something less. *Id.*

This court need not reach that issue either because Ms. Scoggins' complaint states a plausible claim of sexual harassment under the Rule 12(b)(6) standard, and Defendants do not contest whether she has stated such a claim. *See also Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 551 (S.D.N.Y. 2023) (declining to decide "whether the EFAA can be implicated by a lesser pleading" because plaintiff had alleged plausible claim under 12(b)(6)). But to the extent the Court does address the applicable pleading standard, it should conclude that "a plaintiff need only plead nonfrivolous claims relating to sexual assault or to conduct alleged to constitute sexual harassment, with the sufficiency of those claims to be reserved for proper merits adjudication." *Diaz-Roa v. Hermes Law, P.C.*, S.D.N.Y. No. 24-cv-2105 (LJL), 2024 U.S. Dist. LEXIS 212472, at *41 (Nov. 21, 2024).

In any event, at a minimum regardless of which standard the Court applies, this Court must assume all well-pleaded facts to be true, and "make all reasonable inferences in plaintiffs' favor." *See Evans v. City of Ann Arbor*, 6th Cir. No. 22-1774, 2023 U.S. App. LEXIS 21023, at *10 (Aug. 10, 2023) (cleaned up).

## LAW AND ARGUMENT

I.    **Assignment of Error No. 1: Whether, to elect under the EFAA to invalidate the arbitration agreement, Ms. Scoggins was required to specifically invoke the EFAA after filing her claims in court.**

Defendants first focus on whether Ms. Scoggins "elected" to forego arbitration. Doc # 16, Page 14. The EFAA provides:

> Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, or the named representative of a class or in a collective action alleging such conduct, no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.

9 U.S.C. § 402(a).

Defendants raise a novel argument that, even though she filed her claims in Court and opposed Defendants' motion to compel, Ms. Scoggins did not "elect" to invalidate her arbitration agreement because she did not raise the EFAA in response to Defendants' motion to compel arbitration. That argument is contrary to the plain meaning of the term "election" and the purposes behind the EFAA.

Because Congress did not define the term "election," the Court must look to the ordinary meaning of the term. *See Encino Motorcars, LLC v. Navarro*, 584 U.S. 79, 85, 138 S.Ct. 1134, 200 L.Ed.2d 433 (2018). One such method is to look to dictionary definitions of the terms. *See id.*

In *Ding Ding v. Structure Therapeutics, Inc.*, No. 24-cv-01368-JSC, 2024 U.S. Dist. LEXIS 196549, at *26 (Oct. 29, 2024), the Northern District of California applied dictionary definitions to conclude that "election" means "the exercise of a choice." *Id.* (citing "Election," Oxford English Dictionary, sense 2.a, 7.b; *Election*, Black's Law Dictionary (9th ed. 2009); and "Election," Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/election). In other words, the EFAA allows survivors who signed an arbitration agreement to exercise a choice between going to arbitration or proceeding in court. And Ms. Scoggins made that choice by filing her claims in court.

The case cited by Defendants for the definition of elect does not aid their cause. *See* Doc # 16, Page 15 (citing *Smith v. Thomas*, 911 F.3d 378, 382 (6th Cir.2018)). *Smith* dealt with the definition of "elect" as it related to whether the plaintiff wanted statutory or actual damages under the copyright act. *Id.* This Court held that "[t]he text's silence about other formal procedures speaks volumes. It does not contain a 'magic words incantation' requirement to elect statutory damages, so

we are not at liberty to invent one." *Id.* Likewise, there are no "magic words" that Ms. Scoggins needed to invoke in order to elect to proceed in court under the EFAA.

Just like the copyright act "gives plaintiffs the choice between two remedies, actual damages or statutory damages," *see id.*, the EFAA gives plaintiffs a choice between two forums, court and arbitration. So, Ms. Scoggins' decision to file suit in the Fayette County Court of Common Pleas, rather than seeking arbitration, is sufficient to make the election to invalidate the arbitration agreement under the EFAA and proceed in court.

Ms. Scoggins' concession that she entered into an arbitration agreement with Menards does not change the fact that she chose to proceed in court.[1] On appeal, Ms. Scoggins has confirmed her election of court by seeking affirmance of the district court order denying the motion to compel arbitration as to both Defendants. Moreover, at a minimum, Ms. Scoggins unequivocally elected to invalidate the arbitration agreement as to Nelson when she opposed the motion to compel arbitration filed jointly by Defendants and specifically asked to proceed with her claims against Nelson in court. Just because Ms. Scoggins did not use magic words

---

[1] At most, this is a question of waiver. But because the district court was required to confirm that it had authority under the FAA to compel arbitration before doing so, *see New Prime, Inc. v. Oliveria*, 586 U.S. 105, 111 (2019), it was not error for it to address the application of the EFAA even if Ms. Scoggins did not raise it. Additionally, the standard of review in determining waiver of an arbitration clause is the clear error standard for factual determinations, followed by *de novo* review for whether waiver occurred. *Schwebke v. United Wholesale Mtge. LLC*, 96 F.4th 971, 974 (6th Cir.2024). Because the District Court has not had an opportunity to determine waiver, this Court should decline to determine it for the first time on appeal.

indicating that she wished to forgo arbitration *because of* the EFAA, should not mean that the statute need not apply. Thus, this Court should affirm the district court's decision, or in the alternative affirm it as to Nelson alone.

II.    <u>**Assignment of Error No. 2**</u>**: Whether Ms. Scoggins' claims of sexual harassment, which were filed after the EFAA was enacted and are based on at least some acts that occurred after its enactment, are covered by the EFAA.**

Ms. Scoggins agrees with Defendants that the EFAA went into effect on March 3, 2022, and that was not intended to be retroactive. Doc # 16, Page 16. Specifically, Section 3 of the Act states "This section is applicable to any dispute or claim that arises or accrues on or after March 3, 2022." Pub. L. 117-90, § 3, March 3, 2022, 136 Stat. 28.

According to Defendants, the "Majority Test" for the accrual of EFAA claims occurs when "that plaintiff has a complete and present cause of action," and the dispute arises when the conduct constituting sexual assault or sexual harassment occurs. *Id.* (quoting *Castillo v. Altice USA, Inc.*, 698 F. Supp. 3d 652, 657 (S.D.N.Y. 2023)). That is not in fact the test followed by a majority of courts.

Under Defendants' reading of *Castillo*, dispute arises and claim accrues have essentially the same meaning, as a claim generally accrues at the time the conduct giving rise to the injury occurs. Reading the statute that way does not make sense because then the phrase "dispute or claim that arises or accrues" would be superfluous and redundant. *See Hodgin v. Intensive Care Consortium, Inc.*, 666 F.

Supp. 3d 1326, 1329 (S.D. Fla. 2023) (explaining that the statute must be read to say that "disputes . . . arisen" and "claims . . . accrue[]."). This is further supported by the fact that a dispute cannot "accrue" as those terms are commonly understood. *Id.*

## A. Claim Accrual

Defendants assert that the District Court erred in its analysis that Ms. Scoggins complaint alleged sexual harassment claims that occurred after the effective date of the act. Doc. # 16 at Page 18. A claim of sexual harassment accrues under Ohio law when (1) the harassment was unwelcome; (2) the harassment was based on sex; (3) the harassing conduct was sufficiently severe or pervasive to affect the terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment and (4) either (a) the harassment was committed by a supervisor, or (b) the employer, through its agents or supervisory personnel, knew or should have known of the harassment and failed to take immediate and appropriate corrective action. *Hampel v. Food Ingredients Specialties, Inc.*, 89 Ohio St.3d 169, 729 N.E.2d 726, 732 (Ohio 2000).

The date of accrual depends on whether Ms. Scoggins claims are a continuing violation of civil rights laws, or whether they are isolated. Opinion and Order, ECF # 13, PageID # 91 (citing *Barnes v. Festival Fun Parks, LLC*, No. 3:22-cv-165, 2023 WL 4209745, at *12 (W.D. Pa. June 27, 2023)).

On isolated violations, the claim accrues when the plaintiff knows of their injuries. *Barnes*, 2023 WL 4209745, at *12. However, where the plaintiff is "alleging a continuing violation of civil rights laws, the latest date for accrual is either the adverse employment action, such as the termination of employment, or the plaintiff's injury." *Id.*

Ms. Scoggins alleged, and the District Court acknowledged, that she continued to be subject to harassment up to and including when she was terminated by Menards. *See* Opinion and Order, ECF # 13, PageID # 87; Complaint, ECF # 2, PageID # 21–23, 25. Drawing reasonable inferences in her favor, Ms. Scoggins suffered continuing sexual harassment past March 3, 2022. This exacerbated Ms. Scoggins' depression, which ultimately led to her termination in April of 2023.

In other words, the District Court got it right when it determined that Ms. Scoggins' sexual harassment claims accrued *after* March 3, 2022, specifically, on April 12, 2023, when Ms. Scoggins was terminated from Menards.

### B. Dispute Arises

#### 1.    District Court Interpretation.

A dispute requires more than just injury. *Hodgin v. Intensive Care Consortium, Inc.*, 666 F. Supp. 3d 1326, 1329 (S.D. Fla. 2023). As the district court explained:

> A dispute is defined as "[a] conflict or controversy, esp. one that has given rise to a particular lawsuit." *Dispute*, Black's Law Dictionary (11th ed. 2019). Similarly, a dispute is "an assertion of a right, claim, or demand on one side, met by contrary claims or allegations on the

> other," or "the subject of litigation." *Dispute*, Black's Law Dictionary (6th ed. 1990). A dispute "arises" when it "originate[s]" or "come[s] into being." *Arise*, Black's Law Dictionary (11th ed. 2019); *Arise*, Merriam Webster's Collegiate Dictionary (11th ed. 2003).

Opinion and Order, ECF # 13, PageID # 90.

A dispute arises when a person "asserts a right, claim, or demand and is met with disagreement on the other side." *Famuyide v. Chipotle Mexican Grill, Inc.*, D.Minn. No. 23-1127 (DWF/ECW), 2023 U.S. Dist. LEXIS 153926, at *9 (Aug. 31, 2023). A dispute is a broad term that encompasses many forums, not just filing a complaint with a court. *Hodgin v. Intensive Care Consortium, Inc.*, 666 F. Supp. 3d 1326, 1330 (S.D. Fla. 2023). In other words, a dispute arises when action is sought in some forum, such as the EEOC, or as here, with the Ohio Civil Rights Commission.

### 2.    *Castillo* Test.

Under *Castillo*, a dispute arises when a plaintiff raises issues of sexual harassment to no avail before March 3, 2022, and was thereafter subject to retaliation. *Castillo v. Altice USA, Inc.*, 698 F. Supp. 3d 652, 658 (S.D.N.Y.2023).

Here, Ms. Scoggins continued to suffer harassment after March 3, 2022. "A dispute" may have arisen with Defendants prior to the enactment, but the dispute at issue, *i.e.*, the depression exacerbated by Nelson's conduct throughout 2022, which ultimately led to Ms. Scoggins' termination, occurred in April of 2023. Even under *Castillo*, Ms. Scoggins' dispute would arise after the effective date of the EFAA.

As such, the Court should affirm the District Court's decision denying the motion to compel arbitration.

### III. <u>Assignment of Error No. 3</u>: Whether the District Court correctly held that Ms. Scoggins' entire "case" was exempt from arbitration under the EFAA.

The EFAA applies to invalidate the arbitration agreement as to the entire "case" relating to the "sexual harassment dispute," regardless of whether each individual claim relates to the sexual harassment dispute. *Williams v. Mastronardi Produce, Ltd.*, 2024 U.S. Dist. LEXIS 150550, *16 (E.D. Mich. Aug. 22, 2024).

Only one court has concluded that the EFAA invalidates an arbitration agreement as to the particular claims that "relate to" the sexual harassment dispute and has split claims between court in arbitration. *Mera v. SA Hosp. Grp., LLC*, 675 F. Supp. 3d 442, 447 (S.D.N.Y. 2023). *Mera*, distinguished *Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 539 (S.D.N.Y. 2023) from the facts in its case because Mera involved a wage and hour class action in addition to individual sexual harassment claims. *Mera v. SA Hosp. Grp., LLC*, 675 F. Supp. 3d 442, 444 (S.D.N.Y. 2023). The court concluded that the class claims were subject to arbitration, distinguishing *Johnson*, which had held that the entire "case" was exempt from arbitration even though the plaintiff had also brought claims such as pay discrimination and whistleblower retaliation that were unrelated to the sexual harassment claim.

Here, as dictated by the plain statutory language, Ms. Scoggins' entire "case" should be permitted to proceed in court, regardless of whether the other claims individually relate to her sexual harassment claim. But even under the more restrictive test in *Mera*, all of Ms. Scoggins' claims relate to her injuries suffered from retaliation and as part of a hostile work environment. Thus, Plaintiff's case in its entirety should not be subject to arbitration. Accordingly, the Court should affirm the District Court's decision.

## <u>CONCLUSION</u>

For the reasons explained above, the Court should affirm the District Court's decision denying Defendants' motion to compel arbitration, or in the alternative, affirm as to Defendant Bill Nelson.

Respectfully submitted,

*/s/ Anthony D. Maiorano*
Anthony D. Maiorano        100339
CMW LAW FIRM
14 E. Main St.
Fairborn, Ohio, 45324
Phone: (513) 653-0123
Email: tony@cmwlawfirm.com
*Counsel for Plaintiff-Appellee Michelle Scoggins*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This document complies with the type-volume limitation of Fed. R.
App. P. 32(a)(7)(B) because:

      a.      This brief contains 3,581 words, exclusive of the items
contained in Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P.
32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

      a.      This brief has been prepared in a proportionally spaced typeface
using Microsoft Word in Times New Roman 14-point font.


*/s/ Anthony D. Maiorano*
Anthony D. Maiorano          100339

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Appellate Brief was served upon all counsel of record via this Court's EFC system this 12th day of December 2024.

*/s/ Anthony D. Maiorano*
Anthony D. Maiorano          100339

## ADDENDUM – DESIGNATION OF LOWER COURT DOCUMENTS

Pursuant to 6 Cir. R. 30(g), Plaintiff-Appellee, hereby designates as relevant to this appeal those portions of the following District Court documents by record entry number and brief description.

| Description | Docket Entry/ECF # | PageID # |
|---|---|---|
| Complaint | 2 | 20–28 |
| Motion to Compel | 7 | 39–51 |
| Memo in Opp to Motion to compel | 8 | 52–60 |
| Opinion and Order | 13 | 79–93 |