# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT
## No. 24-3760

## MICHELLE SCOGGINS,

*Plaintiff-Appellee*,

v.

## MENARD INC. AND BILL NELSON

*Defendants-Appellants*.

On appeal from the United States District Court for the Southern District of Ohio,
Eastern Division
Case No.: 2:24-CV-00377

---

### REPLY BRIEF OF APPELLANTS MENARD INC. AND BILL NELSON

---

Thomas N. Spyker (0098075)
REMINGER CO., L.P.A.
200 Civic Center Dr., Suite 800
Columbus, Ohio 43215
P: (614) 228-1311
F: (614) 232-2410
tspyker@reminger.com
*Counsel for Defendants-Appellants*
*Menard Inc. and Bill Nelson*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................... ii

ARGUMENT IN REPLY .......................................................................1

   I.   Reply in Support of Assignment of Error No. 1: Ms. Scoggins did not elect to invalidate the arbitration agreement under the EFAA. ...................................... 1

   II.   Reply in Support of Assignment of Error No. 2 ....................................... 7

   III.   Reply in Support of Assignment of Error No. 3 ....................................... 8

CERTIFICATE OF COMPLIANCE.......................................................11

CERTIFICATE OF SERVICE ..............................................................12

## TABLE OF AUTHORITIES

**Cases**

*Atkins v. CGI Technologies & Solutions, Inc*., 724 F.App'x 383, 389 (6th Cir. 2018)……………………………………………………………………………..9

*Brown v. United of Omaha Life Ins. Co*., 661 F.App'x 852, 857 (6th Cir.2016)….11

*Castillo v. Altice USA, Inc*., 698 F. Supp. 3d 652, 657……………………..13, 15

*Huffman v. Hilltop Cos., LLC*, 747 F.3d 391, 394 (6th Cir. 2014)..........................9

*Johnson v. Everyrealm, Inc*., No. 22-CV-06669 (PAE), 2023 U.S. Dist. LEXIS 31242, 2023 WL 2216173 (S.D.N.Y. Feb. 24, 2023))…………………………..16

*KPMG LLP v. Cocchi*, 565 U.S. 18, 21, 132 S. Ct. 23, 181 L. Ed. 2d 323 (2011)….9

*Mera v. SA Hosp. Grp., LLC*, 675 F. Supp. 3d 442, 447……………………………16

*Olivieri v. Stifel*, 112 F.4th 74, 91……………………………………………….12

*Smith v. Thomas*, 911 F.3d 378, 382 (6th Cir.2018)................................................11

*Smith v. United States*, 508 U.S. 223, 228, 113 S. Ct. 2050, 124 L. Ed. 2d 138 (1993)…………………………………………………………………………...10

*Wendy Smith et al., v. Keith Spizzirri et al*, 601 U.S. 472………………………….6

*Williams v. Mastronardi Produce, Ltd*., 2024 U.S. Dist. LEXIS 150550. ........ 15,16

**Statutes**

9 U.S.C. § 402(a) ........................................................................................... 9,10,16

Pub. L. 117-90, § 3, Mar. 3, 2022, 136 Stat. 28……………………………………12

R.C. 4112……………………………………………………………………….14

EFAA§3…………………………………………………………………passim

## ARGUMENT IN REPLY

Astonishingly, Ms. Scoggins and the various Amici (collectively Respondents) argue at length that the EFAA provides her with a choice. And in the same briefs, the responding parties completely ignore the choice Ms. Scoggins made here when she told the District Court to **send** most of the claims at issue to arbitration. On the other issues, the Respondents downplay the serious issues with the interpretation and application of the EFAA. This decision should be reversed and remanded.

**I.    Reply in Support of Assignment of Error No. 1: Ms. Scoggins did not elect to invalidate the arbitration agreement under the EFAA.**

**A. On the election issue, Ms. Scoggins attempts to re-write the record below.**

Not only did Ms. Scoggins fail to raise the EFAA below, but she also affirmatively asked the District Court to send all claims against Menard to arbitration:

> "*...the Court should stay proceedings against Menards and compel arbitration as to all claims against Menards…*"
> (Mem. In Opp., ECF No. 8 at PageID # 54).

> "*In sum, the Court should stay the proceedings against Menards and compel arbitration for Plaintiff's claims against Menards.*"
> (*Id*. at PageID # 59).[1]

---

[1] One might even call this an election, as discussed more below.

1

Now on appeal, and ignoring these affirmative statements, Ms. Scoggins argues at length that she "elected" to forego arbitration under the EFAA. (*See* Doc. 19 at p. 9-12). Ms. Scoggins never addresses these statements, instead artfully dancing around them, hoping no one notices.

The Amici went further in their argument. The Amici argue that filing the complaint, in a vacuum, is sufficient to "elect to invalidate an arbitration agreement." (Doc. 20 at p. 12-16). One must ignore Ms. Scoggins's subsequent position on arbitration against Menard, as the Amici do, to make this argument.

But both Ms. Scoggins and the Amici want this Court to ignore Ms. Scoggins's actual choices here. To achieve this, they try and reframe the issue presented in the First Assignment of Error. Respondents present a narrower issue, more suitable to their arguments. But this Court must analyze the record of this case—not the aspirational fact pattern presented by the Respondents. Indeed, both Ms. Scoggins and the Amici mischaracterize the scope of Menard's First Assignment of Error, ignoring an entire portion of the issue:

- **Ms. Scoggins:** "Defendants raise a novel argument that, even though she filed her claims in Court and opposed Defendants' motion to compel, Ms. Scoggins did not elect to invalidate her arbitration agreement because she did not raise the EFAA in response to Defendants' motion to compel arbitration." (Doc. 19 at p. 15).

- **Amici:** "Defendants argue that Ms. Scoggins has not 'elected to forgo arbitration' because she did not plead or brief the EFAA below and she did not dispute that she had formed a valid arbitration agreement." (Doc. 20 at p. 13).

While Ms. Scoggins and the Amici capture part of the issue, they obviously ignore the thrust of Menard's argument. Not only did Ms. Scoggins fail to elect to invalidate the agreement under the EFAA as referenced in the above characterizations—she went quite a bit further. When presented with a choice, Ms. Scoggins affirmatively elected to arbitrate her claims against Menard.

So, the issue presented in Assignment 1 has two tiers of analysis. First, the broader issue discussed by Ms. Scoggins and the Amici, of what is necessary to indicate an election to forego arbitration under the EFFA. Second, and the more case specific issue ignored by Ms. Scoggins and the Amici, did the District Court error in forcing an application of the EFAA after Ms. Scoggins affirmatively indicated she elected to arbitrate the claims against Menard.

Before discussing those two tiers, it is useful to address some other collateral points made by Ms. Scoggins and the Amici:

- **What does "election" under the EFFA mean:** Fortunately, this one is easier than other issues presented by this case. Ms. Scoggins (and the Amici) define the term election as used in the EFFA as "the exercise of a choice. (Doc. 19 at p. 16 (citing Oxford's English Dictionary and Black's Law Dictionary); *see also* Doc. 20 at p. 12). And that is a fair definition—it is the same one Menard has suggested this Court use in its analysis here. (*See* Appellant Brief, Doc. 16 at pp. 10-11). But

3

importantly, using Ms. Scoggins own authority, a choice means "[t]he act of choosing; preferential determination between things proposed." (*See* definition of Choice, Oxford's English Dictionary, online edition avalible here. Last accessed on 1/21/2025).

- **Ms. Scoggins cannot add to the record once the case is on appeal:** Ms. Scoggins tries to bolster her election argument by stating that she "confirmed her election of court by seeking affirmance of the District Court order denying the Motion to Compel Arbitration as to both defendants." (Doc. 19 at pp. 17). The Amici make a similar suggestion. However, it is well settled that this Court reviews what occurred at the District Court level, and that the record cannot be supplemented on appeal. So, her response to Menard's appeal is not in play here—but her assertions before the District Court squarely are.

- **Ms. Scoggins did not oppose the Motion to Compel as it pertains to Menard:** A key part of Ms. Scoggins and the Amici's argument is that she "opposed the motion to compel arbitration." (Doc. No. 19 at p. 15). Not true—at least as it pertains to Menard. Again, Ms. Scoggins affirmatively elected to arbitrate those claims, offering no opposition.

With these points in mind, the two tiers of this issue are analyzed below.

## B. The Broader Issue – what must one do to elect under the EFAA.

Ms. Scoggins argues that she elected to forego arbitration by filing her complaint in civil court. (Doc. 19 at p. 17). But neither Ms. Scoggins nor the Amici offer any authority that would begin to suggest that the act of filing her civil complaint alone is sufficient. Basic tenants of statutory interpretation demand that the term "election" as used in the EFAA, the choice Ms. Scoggins has to make, has to mean something. But the Complaint, along with her opposition to the MTC, are silent on the EFFA.[2] Nothing on this record shows an election to forego arbitration. However, as outlined below, there is plenty of evidence in the record to show that when actually presented with the choice, Ms. Scoggins opted for arbitration.[3]

## C. The case specific issue, what to do with Ms. Scoggins's affirmative election to arbitrate.

Ms. Scoggins argues "there are no magic words" that she needed to utter to elect to forgo arbitration. (Doc. 19 at p. 17).  Perhaps so. But certainly, there are

---

[2] In a footnote, Ms. Scoggins argues that this is an issue of waiver, that was not addressed by the District Court and thus should not be addressed here. (Doc. 19 at p. 17, fn 1). There are several issues with this point. First, the authority Ms. Scoggins cites deals with the denial of a motion to compel arbitration because a party has waived the right to arbitrate. (*Id.* (citing *Schwebke v. United Wholesale Mtge. LLC*, 96 F4th 971, 974 (6th Cir. 2024))). In other words, this authority has nothing to do with the novel issue of election under the EFAA. Second, as outlined herein, Ms. Scoggins did not waive, she failed to elect, and going further than that, she elected to arbitrate the claims against Menard, but the District Court disregarded this choice. Third, this Court can absolutely analyze this issue, however framed, because neither party raised the EFAA below and the District Court made a sua sponte decision. *See Hutcherson v. Lauderdale County*, 326 F.3d 747,756-757.

[3] And as it pertains to Nelson, her only complaint was that he was not a party to the contract, which the District Court correctly dismissed. Ms. Scoggins never evoked the EFAA and she is now, after the fact, attempting to take advantage of the District Court's improper sua sponte analysis.

5

words that are sufficient to indicate her choice on arbitration issues. And that is what happened here—as outlined above, Ms. Scoggins asked the District Court to send the claims against Menard to arbitration. In other words, when presented with a choice between two options (arbitration against Menard or invalidating the agreement to arbitrate using the EFAA) Ms. Scoggins made a choice. She elected to arbitrate those claims: "In sum, the Court should stay the proceedings against Menards and compel arbitration for Plaintiff's claims against Menards." (ECF No. at PageID # 59).

Indeed, the record on review plainly shows that Ms. Scoggins *encouraged* the District Court more than once to "compel arbitration **as to all claims** against Menards…" (ECF No. 8 at PageID # 54; see also PageID # 59) (emphasis added). Ms. Scoggins only argument against this point is not making any and asking the Court to recognize she has a choice but ignore the one she made here.

Ms. Scoggins's statements are magnified here because the EFAA requires an election by its plain terms. And here, the ambiguity of the filing of the Complaint or raising the issue in response to the MTC are minimized because Ms. Scoggins did make an affirmative representation—asking the court to send her claims against Menard to arbitrate.

So, the EFAA requires an election, and here the District Court was presented with an unequivocal one, but it was an election to go to arbitration, not forego it. So,

6

without considering any broader concepts, the District Court erred in analyzing this issue because it had plain evidence in the record—as this Court does—that Ms. Scoggins made her choice. She made her election clear. And nothing in the EFAA allowed the District Court to set that aside and apply to the EFAA.

## II.    Reply in Support of Assignment of Error No. 2: The District Court applied an overly broad test for accrual.

Again, we have a threshold point of consensus as everyone agrees the EFAA is not retroactive past its effective date of March 3, 2022. But Ms. Scoggins and the Amici downplay the issue here, and the existence of two distinct approaches developing at the trial court level. Setting aside semantics (majority test/minority test, etc), the District Court here acknowledges the existence of two approaches, and it applied a self-described broader reading and application. (*See* ECF No. 13 at PageID #89) ("Courts adopting a broader reading of the historical note have interpreted the language to provide two distinct calculations, either of which is sufficient trigger the EFAA." (citing *Hodgin v. Intensive Care Consortium, Inc*., 666 F. Supp. 3d 1326, 1330 (S.D. Fla. 2023))).

Under the approach outlined in *Hodgin*, and adopted here, two entirely different events (claim accrual and dispute arising) are sufficient to trigger the timing analysis here. And if either event occurred after the effective date of the EFAA, then the Act applies. (ECF No. 13 at PageID #89). Ms. Scoggins and the Amici see no

issue with this approach and seem to suggest there is no break in approach here, downplaying the issue presented.

But the broad approach adopted by the District Court here found, as *Hodgin* did, that the "dispute" arose only when Ms. Scoggins filed an OCRC Charge, in April of 2023. (ECF No. 13 at PageID # 90). As discussed in *Castillo*, this approach is too broad and is contrary to the plain language of the EFFA. The *Castillo* court criticized the approach used here because the approach used "would mean that the applicability of the EFAA would hinge not on when a dispute arose or a claim accrued, as the statute dictates, but rather on when a litigant chose to file a formal administrative charge or complaint." *Castillo v. Altice USA, Inc*., 698 F. Supp. 3d 652, 657 (S.D.N.Y.2023).

### III.    Reply in Support of Assignment of Error No. 3: The District Court erred in invalidating the arbitration agreement as to all claims.

First, Ms. Scoggins argues that a plain statutory reading of the term "case" as used in the EFAA dictates that the entire case be allowed to proceed in the District Court "*regardless of whether the other claims individually relate* to her sexual harassment claim." (Doc. 19 at p. 23) (emphasis added). But Ms. Scoggins fails to address the entire relevant portion of the statute, which provides, "with respect to a case which is filed under Federal, Tribal, or State law **and relates** to the [] sexual harassment dispute." 9 U.S.C. § 402(a) (emphasis added). The Texas Western District has aptly addressed the issue of overreliance on the term "case" while

8

ignoring the "and relates" portion. *See Lee v. Taskus*, W.D.Tex. No. SA-23-CV-01456-OLG, 2024 U.S. Dist. LEXIS 116623, at *8 (July 2, 2024) ("that reading of the term "case" could lead to strategic pleading by plaintiffs to avoid arbitration of claims that have nothing to do with sexual harassment or related conduct.").

And of course, any plain reading of a statute must be done in the proper context. So, Ms. Scoggins's argument that all claims must proceed regardless of their relation to the sexual harassment claim must be rejected. When analyzing the claims here, as plead by Ms. Scoggins, the FMLA claims are entirely distinct from her threadbare harassment claims.

Next, Ms. Scoggins argues that "only one court" splits harassment claims from unrelated claims allowing the latter to proceed in Court and the former to arbitrate (Doc. 19 at p. 22 (citing to *Mera v. SA Hosp. Group, LLC*, 675 F. Supp. 3d 442 (S.D.N.Y.2023)). That is not accurate. As outlined above, the EFAA itself demands that only claims related to the harassment dispute fall under the scope of the EFAA. And when engaging in that analysis, it is clear that there are distinct and can be separated for purposes of the EFAA and keeping in line with traditional application of the FAA on arbitrable and non-arbitrable claims.

## CONCLUSION

For the reasons outlined above, and those contained in their Merit Brief, Menard respectfully requests the decision of the District Court be reversed.

Respectfully submitted,

*/s/ Thomas N. Spyker*
Thomas N. Spyker (0098075)
REMINGER CO., L.P.A.
200 Civic Center Dr., Suite 800
Columbus, Ohio 43215
P: (614) 228-1311
F: (614) 232-2410
Tspyker@reminger.com
*Counsel for Defendants-Appellants Menard*
*Inc. and Bill Nelson*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.  This document complies with the type-volume limitation of Fed. R. App. P.
    32(a)(7)(B) because:

    a.  This brief contains 4156 words, exclusive of the items contained in Fed.
        R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)
    and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

    a.  This brief has been prepared in a proportionally spaced typeface using
        Microsoft Word in Times New Roman 14-point font.


*/s/ Thomas Spyker*
Thomas N. Spyker (0098075)
*Counsel for Defendants-Appellants*

11

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Appellate Brief was served upon all counsel of record via this Court's EFC system this 23rd day of November 2024.

*/s/ Thomas Spyker*
Thomas N. Spyker (0098075)
*Counsel for Defendants-Appellants*